THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. W. S. TRAXON.

No. 14,899.  (92 Pac. 580.)

RAILROADS—*Injury by Fire—Pleading—Description of Defendant's Engine.* In an action to recover damages caused by a fire alleged to have been set out by one of defendant's engines a motion to require plaintiff to make his bill of particulars more definite by setting forth the number of the engine that started the fire was properly denied.

Error from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed November 9, 1907. Affirmed.

*John Madden,* and *W. W. Brown,* for plaintiff in error.

*M. E. Williams* filed a motion to dismiss, which was denied.

*Per Curiam:* On November 11, 1904, W. S. Traxon obtained a judgment by default against the Missouri, Kansas & Texas Railway Company before a justice of

the peace in Labette county. The case was taken to the district court of that county by appeal, where it was tried April 21, 1905. The action was brought to recover damages for hay destroyed by a fire alleged to have been set out by the defendant in operating a passenger-train on its railroad between Parsons and Coffeyville.

The defendant moved to make the plaintiff's bill of particulars more definite and certain, the sole ground of which was to require the number of the engine which set out the fire to be stated. The motion was denied. This ruling of the court is assigned as error. The only description of the engine or train given in the bill of particulars is contained in the part thereof which reads:

"That said company, on the 16th day of September, 1904, while running one of its passenger-trains south-westerly on said road, in said county, managed its said train so carelessly and negligently, and failed to employ suitable means to prevent the escape of fire from the engine that was running or pulling said train, so that by reason of its carelessness and negligence aforesaid fire escaped from the engine of said company and set fire to the dry grass and other material on its right of way, and by reason of a continuous body of dry grass and other material, and without any fault of plaintiff, it was communicated to the leased premises in possession of plaintiff."

The motion directed to the above-quoted part of the petition is as follows:

"And now comes the defendant and asks the court to set forth the number of the engine which is claimed set the fire complained of in the bill of particulars."

The plaintiff might, by alleging the time when the train passed where the fire started, or by giving a general description of the train, have enabled defendant to identify the engine more easily. The court, without doubt, would have allowed any reasonable motion of this nature. The plaintiff did not see the engine or train, and knew nothing of the fire until two hours

after it was extinguished. It was impossible for him to give the number of the engine. The number of an engine is rarely seen or remembered by any person not engaged in railway service. It is averred in the bill of particulars that the engine which set out the fire was taking a passenger-train from Parsons to Coffeyville, on September 16, 1904. The record does not show that the railway company was operating so many passenger-trains over that branch as to make it difficult to ascertain from this statement the particular engine in question, and this court is unable to take judicial notice that such fact existed on that line at that time.

We are unable to infer material injury to the defendant from this ruling of the court. The motion was unreasonable, and we think properly denied.

Some other questions are presented, but they are not of sufficient importance to justify further consideration. The judgment is affirmed.